IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KELLILYN HOUCHINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:10-CV-147 |
|  | ) |  |
| JEFFERSON COUNTY BOARD | ) |  |
| OF EDUCATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff's complaint alleges discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Under that statute, she seeks both compensatory and punitive damages. Her complaint also raises state law claims of negligence and outrageous conduct.

Now before the court are the defendant's motion to strike the punitive damages claim [doc. 17] and the defendant's motion to dismiss the outrageous conduct claim. [Doc. 19].[1] Plaintiff has not responded to either motion within the time allowed by the Federal Rules of Civil Procedure and the local rules of this court. *See* Fed. R. Civ. P. 6(a), (d); E.D. TN. LR. 7.1(a). Although "[f]ailure to respond to a motion may be deemed a waiver of any

---

[1] Although the defendant's punitive damages motion is captioned as a "motion to strike," the motion is in fact a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure.

opposition to the relief sought," E.D. TN. LR. 7.2, the court must nonetheless examine the motions to ensure that the sought-after relief is warranted. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Having done so, the court concludes that both motions should be granted.

Punitive damages cannot be awarded in this case. Governments, governmental agencies, and political subdivisions are exempted from Title VII's punitive damages provision. *See Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1998) (citing 42 U.S.C. § 1981a(b)(1)).

Plaintiff's outrageous conduct claim fares no better. The Tennessee Governmental Tort Liability Act ("GLTA") generally provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities . . . engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a).[2] The only exception potentially relevant to the present complaint is the waiver, in certain instances, of governmental immunity "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment[.]" Tenn. Code Ann. § 29-20-205. However, excepted from that exception are claims for "infliction of mental anguish." Tenn. Code Ann. § 29-20-205(2); *see also Johnson v. S. Cent. Human Res. Agency*, 926 S.W.2d 951, 952 (Tenn. Ct. App. 1996) (claims for "mental anguish" and "outrageous conduct" are the same

---

[2] The defendant is a "governmental entity" for purposes of the GTLA. Tenn. Code Ann. § 29-20-102(3)(A).

2

thing). The defendant is accordingly immune from suit for claims of outrageous conduct.

The defendant's "Motion to Strike Plaintiff's Claim for Punitive Damages" [doc. 17] and the defendant's "Motion to Dismiss Plaintiff's Outrageous Conduct Claim" [doc. 19] are **GRANTED**. Plaintiff's punitive damage and outrageous conduct claims are **DISMISSED**. This case remains set for a jury trial on January 23, 2012.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

3