IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


KELLILYN HOUCHINS,                    )
                                      )
                 Plaintiff,           )
                                      )
v.                                    )          No. 3:10-CV-147
                                      )
JEFFERSON COUNTY BOARD                )
OF EDUCATION,                         )
                                      )
                 Defendant.           )


## MEMORANDUM

        This Title VII case is set for trial on March 13, 2013.  Now before the court are

six motions in limine filed by the defense [docs. 77, 79, 81, 83, 85, 87].  Plaintiff has

responded in opposition to those motions [docs. 94-99], and defendant has replied [docs.

100-105].


### I.

*Pertinent Background*

        Plaintiff worked for defendant as a school bus driver from 2003 through 2009.

She claims that she was sexually harassed by her supervisor, Kenneth Thornhill, beginning

in 2006.  In September 2008, plaintiff reported the alleged harassment to defendant and then

to the EEOC.  In her view, defendant's response was insufficient.

## II.

*Analysis*

### A. Defendant's First Motion in Limine

Plaintiff is not the first employee to claim that Thornhill sexually harassed her. She wishes to present the testimony of one, and perhaps as many as five, of those other complainants. Defendant moves to exclude that testimony under Rules 401, 402, 403, and 404(b) of the Federal Rules of Evidence.

In response, plaintiff argues that the testimony is admissible under Federal Rule of Evidence 406, which provides that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." According to plaintiff, her witnesses would show Thornhill's "habit and routine practice of inappropriately sexually touching and making sexual remarks to female employees," as well as defendant's "habit and routine practice of failing to control supervisor Thornhill or take prompt corrective action in response to stop him."

Plaintiff's evidence is not the sort contemplated by Rule 406. A habit "is a regular response to a repeated specific situation," and "the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Eaves v. United States*, No. 4:07CV-118-M, 2009 WL 3754176, at *7 (W.D. Ky. Nov. 5,

2009) (citations omitted). The other employees' testimony in this case might suggest a tendency on the part of Thornhill, but a tendency is not a habit admissible under Rule 406. *See United States v. Moore*, No. 10-20018-BC, 2011 WL 3497100, at *3 n.2 (E.D. Mich. Aug. 10, 2011) ("One cannot have a habit of filing false tax returns any more than one can have a habit of selling narcotics or committing assaults. In order to be admissible under Rule 406, the evidence must demonstrate a very specific and precise response to a particular stimulus. There is no such evidence here.").

The testimony now at issue is instead governed by Rule 404(b), which provides that evidence of prior bad acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Plaintiff wishes to introduce evidence in her case-in-chief to do precisely what Rule 404(b)(1) forbids: proving that, because others were harassed in the past, she must have been harassed as well.

Plaintiff's Rule 406 argument fares no better in regards to defendant's alleged "routine practice." To be admissible, an organization's routine practice must be "so automatic, so repetitive, that it might approach evidence of habit; it must be done unwittingly." *Mattner v. Tom A. Jennaro & Assocs.*, No. 89-2366, 1991 WL 159452, at *2 (6th Cir. Aug. 20, 1991) (citation omitted). Rule 406 "reflects the concern that in a large organization it is unlikely that any individual will remember one of a large number of repeated transactions . . . ." *Martin v. Thrifty Rent A Car*, No. 96-2229, 1998 WL 211786,

at *4 (6th Cir. Apr. 23, 1998) (citation and quotation omitted). Plaintiff's desired testimony in this case is not evidence of an organization's automatic, repetitive, routine practice. Instead, it is prohibited Rule 404(b) evidence of defendant's alleged prior bad acts in not adequately responding to employee complaints.

Further, even if the testimony were admissible under Rule 406 as evidence of defendant's "routine practice," the court would find that any probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* Fed. R. Evid. 403. Proof of defendant's prior responses would necessarily also involve testimony regarding Thornhill's alleged prior bad acts, and that testimony is excluded by Rule 404(b).

Defendant's first motion in limine will therefore be granted *as to plaintiff's case-in-chief.* Plaintiff will not be permitted to offer the direct testimony of Sally Jones, Paula Moore Cochran, Brenda Grooms, Lilly Maldonado, or Judy West.

This ruling applies only to presentation of direct testimony from the above-named witnesses. Plaintiff is not prohibited from using these persons as impeachment witnesses, if appropriate.[1] Defendant's first motion in limine will be granted in part and denied in part.

---

[1] The court notes defendant's complaint that plaintiff did not provide the addresses of Ms. Cochran, Ms. Grooms, Ms. Maldonado, or Ms. West. However, a party is not required to give the address of a witness who will be presented solely for impeachment. *See* Fed. R. Civ. P. 26(a)(3)(A)(i). The court further notes defendant's passing argument "that you can't impeach one witness with another's testimony." [Doc. 100, p.2]. Defendant is incorrect. The use of impeachment (or "rebuttal") witnesses is entirely proper. *See, e.g., Reed v. United States*, No. 3-07-0809, 2009 WL 3169566, at *13 (M.D. Tenn., Sept. 28, 2009).

## B. Defendant's Second Motion in Limine

Defendant's second motion in limine objects to fifteen documents listed on plaintiff's exhibit list. Those documents are plaintiff's exhibits 2, 3, 8, 9, 10, 11, 12, 13, 14, 15, 16, 25, 26, 29, and 32. Defendant objects to the presentation of these documents individually and/or as part of a larger record, such as in Thornhill's personnel file (plaintiff's exhibit 35) or an EEOC file (plaintiff's exhibit 36).

None of the challenged papers are before the court for review. Nonetheless, it is apparent that these documents pertain to prior harassment complaints against Thornhill. For the reasoning provided in the prior section of this opinion, plaintiff is prohibited from presenting any documentary evidence of prior complaints against Thornhill, other than for impeachment if appropriate. Defendant's second motion in limine will be granted in part and denied in part.

## C. Defendant's Third Motion in Limine

Plaintiff's exhibits 28 and 38 are newspaper articles, which defendant moves to exclude as hearsay. In response, plaintiff argues only that newspapers are self-authenticating pursuant to Federal Rule of Evidence 902(6). That may be so, but newspaper articles offered to prove the truth of their contents are nonetheless hearsay. *See Park West Galleries v. Global Fine Art Registry*, Nos. 2:08-cv-12247, 2:08-cv-12274, 2010 WL 987772, at *3 (E.D. Mich. Mar. 12, 2010) (citing *Turner v. City of Taylor*, 412 F.3d 629, 652 (6th Cir. 2005)). By failing to address defendant's hearsay argument, plaintiff has waived the issue.

*See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Defendant's third motion in limine will accordingly be granted.

## D. <u>Defendant's Fourth Motion in Limine</u>

On grounds of hearsay and relevance, defendant moves to exclude plaintiff's exhibits 16, 17, 18, 22, and 36. These exhibits are letters pertaining to plaintiff's EEOC complaint and her claim for unemployment benefits.

In response to the motion, plaintiff briefly disputes the hearsay issue but makes no effort to indicate how any of the challenged evidence is relevant. The issue is therefore waived. *McPherson*, 125 F.3d at 995-96 ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Further, plaintiff will be available to testify at trial, so it is unclear to the court why admission of EEOC and unemployment documents would be necessary or what probative value those documents would have. *See Sherman v. Chrysler Corp.*, 47 F. App'x 716, 723 (6th Cir. 2002).

Because plaintiff has failed to persuasively explain why any of the challeneged EEOC and unemployment evidence should be admitted, the court concludes that any theoretical probative value would be substantially outweighed by the danger of unfair prejudice to the defense, confusion of the issues, misleading the jury, undue delay, wasted time, and needless presentation of cumulative evidence. *See* Fed. R. Evid. 403. Defendant's

fourth motion in limine will be granted.

E. Defendant's Fifth Motion in Limine

Defendant moves "to exclude any documents from the Tennessee Department of Workforce Labor and Development [sic] referring to or stating its reasons for awarding Plaintiff workers' compensation [sic] benefits . . . ." Although this motion refers to "workers' compensation," it is clear from defendant's supporting memorandum that it is in fact challenging any mention of the reasons for awarding *unemployment* benefits. Defendant argues that this evidence is irrelevant and precluded by § 50-7-304 of the Tennessee Code. *See* Tenn. Code Ann. § 50-7-304(k) ("No finding of fact or law, judgment, conclusion, or final order made with respect to a claim for unemployment compensation under this chapter may be conclusive in any separate or subsequent action or proceeding in another forum . . . .").

In response, plaintiff argues only "that the motion should be denied on the basis that if Plaintiff lays the proper foundation for the introduction of the Tennessee Department of Labor and Development [sic] records at trial, said records should be admitted." Plaintiff's vague and speculative opposition is insufficient. Again, "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). *McPherson*, 125 F.3d at 995-96. Plaintiff has waived opposition to defendant's fifth motion in limine, and that motion will be granted.

## F. Defendant's Sixth Motion in Limine

Lastly, defendant moves to exclude the EEOC's September 18, 2009 probable cause determination, along with any testimony referring to the contents of that letter. Defendant argues that the letter is minimally relevant and severely prejudicial.

EEOC cause determinations carry little evidentiary value. *See, e.g., E.E.O.C. v. Ford Motor*, No. 95-3019, 1996 WL 557800, at *10 (6th Cir. Sept. 30, 1996). In addition, the probable cause letter in this case references evidence that the court has excluded under Rule 404(b). *See id.* ("As for any evidence contained in an EEOC cause determination that is properly excluded at trial, an attempt . . . to admit those parts of the EEOC cause determination becomes a not-too-subtle attempt to end-run the Federal Rules of Evidence.").

Plaintiff acknowledges that evidentiary use of probable cause letters is disfavored in the Sixth Circuit. Nonetheless, she argues that the court should admit that evidence in her case because "[t]here is no risk that the EEOC Determination will mislead or confuse the jury . . . ." The court disagrees. "A strong argument can be made that a jury would attach undue weight to this type of agency determination, viewing it as a finding of discrimination . . . rather than as a mere finding of probable cause." *Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997); *accord Sherman*, 47 F. App'x at 722.

Any relevance of the EEOC determination in this case would be substantially outweighed by the danger of unfair prejudice to the defense, confusion of the issues, and misleading the jury. Defendant's sixth motion in limine will be granted.

## III.

*Conclusion*

An order consistent with this opinion will be entered.  This case remains set for a jury trial commencing on March 13, 2013.

**IT IS SO ORDERED.**

ENTER:

_____s/ Leon Jordan_____
United States District Judge